IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01092-MSK-CBS

WESLEY R. BROWN,

    Plaintiff,

v.

MICHAEL COOKE, Exec. Dir. CO. Div. of Motor Vehicles, and
ROBERT MORGAN, Office Manager, Aurora Drivers License Office,

    Defendants.

___

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING
RECOMMENDATION, AND DENYING MOTION TO DISMISS**
___

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Objections **(# 94)** to the January 18, 2008 Report and Recommendation **(# 90)** of United States Magistrate Judge Craig B. Shaffer that the Defendants' Motion to Dismiss **(# 48)** be denied.[1]

The factual and procedural background of this matter is set out at length in Magistrate Judge Shaffer's Recommendation, and the Court deems that recitation incorporated herein. In short, the Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that the Colorado Division of Motor Vehicles' refusal to issue him a driver's license in the name of Wesley R. Brown, a name

---

[1]The Defendants filed a "Statement" **(# 95)** stating that they do not object to Magistrate Judge Shaffer's stated grounds for recommending denial of their motion, but object to certain supplemental comments made in the recommendation. Because the Court construes Magistrate Judge Shaffer's supplemental comments as merely advising the parties of his non-binding observations as to the factual and legal issues in the case, the Court deems the Defendants to have no objection to the Recommendation.

he has purportedly legally acquired by operation of common law, operates to deprive him of a liberty interest without due process. The Defendants moved to dismiss **(# 48)** the Plaintiff's Complaint, alleging that the Plaintiff failed to exhaust his administrative remedies. On January 18, 2008, pursuant to 28 U.S.C. § 636(b)(2), Magistrate Judge Shaffer issued a Report and Recommendation **(# 90)**, recommending that the Defendants' motion be denied, insofar as §1983 claims are not generally subject to an exhaustion requirement and that, in any event, the Plaintiff was advised that there were no administrative remedies available to him to exhaust.

On January 25, 2008, the Plaintiff filed *pro se* Objections **(# 94)** to the Recommendation. Specifically, the Plaintiff: (i) points out a factual error in the Recommendation, relating to the name that the Plaintiff's military records bear; (ii) requests "the Court's signature and seal on the last proposed decree submitted to it," although the "proposed decree" to which the Plaintiff refers is unclear; (iii) notes that notwithstanding the Magistrate Judge's observation that the federal government appears to "recognize" the Plaintiff's chosen name, the F.B.I.'s records refer to the Plaintiff by his birth name and list his chosen name as an alias, and observes that his requested remedy would allow the Plaintiff to "have his adopted name first on all his criminal histories as well as provide evidence of the legality of his name change"; (iv) cites various authorities in response to the Magistrate Judge's observation as to uncertainty as to whether an individual has a constitutional right to issuance of a state identification card; (v) reiterates various citations from his prior briefing; (vi) notes that he has sought to challenge the lack of a civil procedure in California that would formally recognize a name change effectuated under common law; and (vii) recites an incomprehensible "hallucination suffered by" the Plaintiff, which he asks if "the trial court will tell him [if] it is patriotic.

2

In considering the Plaintiff's Objections, the Court is mindful that a *pro se* plaintiff is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). In other words, if the Court if can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read the Plaintiff's pleadings broadly does not relieve the Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

Pursuant to Fed. R. Civ. P. 72(b), a party may file specific objections to the Recommendation of a Magistrate Judge regarding a dispositive motion. The Court will review the underlying matter *de novo* as to those areas to which specific objection is made. Fed. R. Civ. P. 72(b); *U..S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Having liberally construed the Plaintiff's Objections, the Court finds nothing therein that bears on the Magistrate Judge's reasoning as to why the Defendants' Motion to Dismiss should be denied. The Motion to Dismiss itself related solely to the issue of exhaustion of administrative remedies, and nothing in the Plaintiff's Objections allege that the Magistrate Judge made any factual or legal mistake in assessing the exhaustion issue. Consequently, the Court treats the Recommendation as not having been objected-to by either party. In such circumstances, the Court reviews the Recommendation under whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). Nevertheless, the Court has reviewed the matter under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b), and

upon such *de novo* review, reaches the same conclusion as the Magistrate Judge for essentially the same reasons. Accordingly, the Court adopts the Recommendation and denies the Defendants' Motion to Dismiss.

As stated above, to the extent that the Plaintiff specifically objects to any finding or conclusion by the Magistrate Judge, his objections concern the Magistrate Judge's non-binding observations concerning the legal and factual issues remaining in this action. Although this Court applauds the Magistrate Judge's effort to focus the parties' efforts on particular issues, the Court neither adopts nor considers the Magistrate Judge's commentary, as it is simply non-binding dicta. Correspondingly, the Court need not consider the Plaintiffs' Objections as to any alleged errors or omissions in such commentary.

Accordingly, the Plaintiff's Objections **(# 94)** are **OVERRULED**. Upon *de novo* review, the Court **ADOPTS** the Magistrate Judge's Recommendation **(# 90)** in its entirety. The Defendants' Motion to Dismiss **(# 48)** is **DENIED**.

Dated this 6th day of March, 2008

                                          **BY THE COURT:**

                                          *[signature: Marcia S. Krieger]*

                                          Marcia S. Krieger
                                          United States District Judge